## ROME R. CO. v. RICHMOND & D. R. CO.

(Circuit Court, N. D. Georgia. February 14, 1894.)

1. GARNISHMENT—DISSOLUTION—GARNISHEE'S ANSWER—COSTS.

Code Ga. § 3549, provides that the expense incurred by a garnishee shall be taxed in the costs in the principal suit, when the garnishee shall answer truly "as now required by law, and shall pay the sum due to the defendant into court, or shall turn over any personal property of the defendant that he may have, or shall answer truly that he owes the defendant nothing." Act. Ga. Oct. 15, 1885, (Laws 1884-85, p. 96,) provides that the garnishment may be dissolved by giving a bond conditioned to pay the judgment rendered on the garnishment, but it required the garnishee to answer notwithstanding the dissolution of the garnishment. *Held,* that a garnishee answering truly is entitled to the costs of his answer, where the garnishment is dissolved, so that no money is paid into court, or property turned over.

2. GARNISHMENT IN SUIT COMMENCED BY ATTACHMENT.

Act Ga. Oct. 15, 1885, entitled "An act to amend the garnishment laws of this state," and providing a method for the distribution of garnishments, has reference only to garnishment at common law, which is pro-

vided for by Code Ga. §§ 3532 et seq., and does not apply to garnishment by attachment, which is provided for elsewhere in the attachment laws of the state.

3. SAME—ANSWER AT DEFENDANT'S REQUEST—COSTS.

But when the garnishee in a suit commenced by attachment answers in accordance with the requirements of the act of October 15, 1885, at the request and by the direction of defendant's attorney, defendant is estopped to deny his right to have the expense of his answer taxed in the costs.

At Law. On motion to tax costs. Action by the Rome Railroad Company against the Richmond & Danville Railroad Company, (the Georgia Railroad & Banking Company and the Georgia Railroad, garnishees.) Motion granted.

Brooks & Turnbull, for plaintiff.
Jackson & Leftwish, for defendant.

NEWMAN, District Judge. Attachments were sued out against the Richmond & Danville Railroad Company, a foreign corporation, in suits brought against it, and summons of garnishment were served on the Georgia Railroad & Banking Company and the Georgia Railroad, lessee. Defendant filed answers acknowledging indebtedness; the answer being in accordance with the terms of the act of the legislature of Georgia of October, 1885, which will be hereafter discussed. The questions raised in this matter involve the construction of the statutes of the state of Georgia in reference to the right of garnishees to have their expenses for making answers taxed as costs in the case in which garnishment is issued. There were, up to October, 1885, provisions in the statute by which garnishment might be dissolved by defendant, by giving bond in the terms of the statute; and thereby the garnishee was relieved from all further liability with reference to the garnishment, and no answer of any kind was required to be filed. By the terms of the act alluded to, approved October 15, 1885, provision is made for the dissolution of garnishments by the giving of bond conditioned for the payment of the judgments that should be rendered on the garnishment, instead of bonds conditioned for the payment of the amount which might be recovered in the principal suit, or the amount due on the judgment, accordingly as the garnishment was sued out pending suit or after judgment was obtained, as had been theretofore the law in Georgia. This statute of 1885 further provides (see Laws Ga. 1884–85, p. 96) that:

"The garnishee shall file his answer stating what amount he was indebted to defendant or what effects he had in his hands belonging to the defendant at the time of the service of such summons, and what he had become indebted to the defendant, or what effects had come into his hands belonging to the defendant, between the time of the service of such summons and the making of his answer, and in the event the court shall decide that the fund or property in the hands of the garnishee were subject to garnishment, had the garnishment not been dissolved, then the court shall render judgment against the defendant and his securities."

The difference between the old and new law being that under the old law the bond to dissolve was conditioned to pay the debt

which might be found to be due to the plaintiff by the defendant, and by the act of 1885 the bond is conditioned to pay the amount that might ultimately be determined to be in the hands of the garnishee, or be due by him to the defendant; the act providing, further, that the garnishee should be required to answer the garnishment, this latter provision being rendered necessary in order to ascertain the extent of liability on the bond. In this case, notwithstanding the fact that the garnishment was dissolved, the garnishee filed answer, being advised by counsel that it was necessary to do so under the provisions of the act of the legislature just alluded to. The provision of the Code of Georgia (section 3549) with reference to the right of garnishees to have costs is as follows:

"In all cases where process of garnishment shall be served upon any person, and such person shall make a true answer to the garnishment, as now required by law, and shall pay the sum due to the defendant, into the court, or shall turn over and deliver up any personal property of the defendant's that may have been in his possession, as required by law, or shall answer truly that he owes the defendant nothing, if the garnishee shall have to incur any expense in making his or her answer to the garnishment, or in turning over said personal property, the amount so incurred, shall be taxed in the bill of costs, under the approval of the court, and be paid, by the party cast in the suit, as other costs are now paid."

It is claimed that under this section, there are now but three cases in which a garnishee may have taxed in the costs of his expenses in answering, namely: First, where the garnishee makes a true answer as now required by law, and shall pay the sum due to the defendant into the court; second, where like answer is made, and the garnishee shall turn over or deliver up any personal property of the defendant that he may have in his possession, as required by law; and, third, where the garnishee answers truly that he owes the defendant nothing. At the time of the passage of this act, (1873,) one or the other of these three things it was the duty of the garnishee to do; and it is as if there had been a proviso to the statute that a garnishee should have his expenses for answering a garnishment, provided he did his duty in the premises. The allowance to him is for the expense of filing his answer, and the qualification or condition is that he himself complies with the law. It is not for bringing the sum due to the defendant into court, or for turning over and delivering up any personal property of the defendant, or for telling the truth in case the garnishee claims to owe nothing, that the allowance is made to him by the statute, but it is for the expense of filing his answer; and this expression in the statute, which, it is claimed, embraces the only cases of the garnishee's right to have his expenses allowed, is nothing more than a requirement that the garnishee must himself have complied with the law and its terms, as it then stood, before he could ask aid of the court to reimburse him for his outlay in answering. Now, the act of 1885 was passed, and by the terms of that act the garnishee was required to answer, notwithstanding the fact that the garnishment had been dissolved; and if he answered that he owed the defendant, as in the case now before the court, the effect of the answer was simply

to enable the parties to determine the amount due on the garnishment, and which the bond to dissolve was conditioned to pay. The garnishee could not pay the money due into court, because, when the garnishment was dissolved, he had, presumably, already paid the money over to the defendant. The garnishee having been required by the terms of this last act to answer, notwithstanding the fact that the garnishment had been dissolved, and he had paid over whatever he owed to the defendant, can the garnishee have the expenses for answering allowed, under the term of the section of the Code of Georgia above discussed? If the above construction of the connecting section of the Code of Georgia is correct, it seems entirely clear that he can. The allowance to him is for any expenses he may have incurred in making his answer to the garnishment; and when, by subsequent statute, the garnishee is required to answer in a manner and under circumstances not then provided for, it seems that the terms of the statute should apply to him, as much as to one who had been originally covered by it.

The next question raised here is that the act of 1885, by its terms, does not apply to garnishments by attachment. By the Code of Georgia, which was adopted in 1862, section 3532 provides, "In case where suit is pending or where judgment has been obtained, the plaintiff shall be entitled to process of garnishment in the following regulation;" and then follows the method of suing out garnishments. This is garnishment at common law. Garnishment at common law, it was provided by the Code, (section 3540,) might be dissolved, as has been stated, by giving bond for the payment of the amount due on the judgment, or which might be recovered in the action. By an act of March 4, 1869, it was provided that:

"From and after the passage of this act, in all cases where summons of garnishment has issued by attachment and served as now provided by law regulating attachments, said garnishments may be dissolved as if same had been at common law, any law or usage to the contrary notwithstanding."

The act of 1885, by its terms, very clearly applies to garnishments at common law. The language is that:

"From and after the passage of this act in any case now pending or hereafter brought, when garnishments have been or are issued when suit is pending or judgment has been obtained, the defendant may dissolve such garnishment upon filing in the clerk's office of the court where suit is pending or judgment was obtained," etc.

The similarity of the language here used, and the language of section 3532 of the Code in reference to garnishment at common law, is apparent. But it is claimed that, the act of 1869 having placed garnishments by attachments upon the same footing, as to the method in which they might be dissolved, with garnishments at common law, that this act of 1885 also embraces and applies to garnishments by attachment. That the act of 1869 had the effect claimed, up to the time of the passage of the act of 1885, may be conceded, but it is entirely clear that the intention of the legislature was to confine this act of 1885 to garnishments at com-

mon law. Garnishments by attachment and garnishments at common law, as to the method of dissolution, stood upon the same footing, at the time of the passage of this act of 1885; and yet the legislature, with this knowledge, confines the effect of this act, which clearly applies it by its terms, to garnishments at common law. It is entitled "An act to amend the garnishment laws of this state;" and garnishments by attachment are part of the attachment laws of the state,—a different chapter and series of laws, entirely, in the Code. It applies to cases when suit is pending or judgment has been obtained,—the identical language of the Code, as applied to garnishment at common law. It seems impossible that the legislature, with the knowledge of what the law was then, which it must have had, would have used the terms it did, if it had intended to embrace garnishments other than those at common law. In addition to this, very strong reasons can be seen why the legislature would have passed this act in reference to garnishments at common law, and not with reference to garnishments by attachment, or, rather, to express it more clearly, to attachments by garnishment. Attachments are issued for extraordinary reasons,— for nonresidents, for removal of person or property, absconding, and fraud, and it is not at all unreasonable to conclude that the legislature would not allow a defendant who had placed himself in a position to justify an attachment against him to dissolve the garnishment by simply giving a bond for the amount that might be found to be due on the garnishment. But it would be entirely unreasonable to believe that it would leave such a defendant in the position he was under the old law, namely, to give bond for the eventual condemnation money.

One other question is raised under section 3320 of the Code of Georgia, in reference to attachments against foreign corporations. The section is as follows:

"When an attachment shall be levied on the property of an incorporation not incorporated by the laws of this state, it shall be lawful for any agent of such incorporation to relieve the property levied on, or discharge the summons of garnishment that may issue, by giving bond to the levying officer, conditioned to pay the amount that may be recovered in said case; which bond the levying officer shall return to the court to which the attachment is made returnable, and judgment may be entered up in like manner against the principal and security upon said bond for the amount the plaintiff may recover against such corporation."

It is claimed that this being a distinct and separate provision of the statutes in reference to foreign corporations, and the method by which they may dissolve garnishments, in any view that might be taken of the matter, on the line just discussed, it would not apply to garnishment in attachments against foreign corporations. It is unnecessary to discuss this, in the view that has been taken of the act of 1885; because, if it does not embrace attachments at all, of course it does not embrace attachments against foreign corporations; and it would be a waste of time to consider, if it applied to garnishments by attachments generally, whether, in view of this special statute as to foreign corporations, it had the effect of changing or modifying it as to the method of dissolving garnishments.

The views of the court have thus been given upon all the phases of this matter, as it is said there are many cases in which the question will be raised. The case now before the court, and the other cases which have been argued in connection with it, and any other similar cases, will be controlled by the following propositions:

. 1. Answers in suit at common law, where garnishments are taken out and answers filed under the terms of the act of 1885, the garnishee is entitled to his expenses of answering.

2. Where suits were commenced by attachment, and answers were filed by the garnishee in accordance with the provisions of the act of 1885, at the request and by the direction of the counsel for the defendant, the defendant is estopped from denying the right of the garnishee to have the expenses of answering, especially as it was a new question, and a garnishee might well be in doubt as to his duty in the matter.

3. Where suits were commenced by attachments, and answers were filed under the terms of the act of 1885, and no such directions or requests were made by the counsel for the defendant, the garnishee is not entitled to his expense for answering the garnishment.